UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONDAY NOSA AGHO and ELLEN AGHO                                         PLAINTIFFS

v.                                                     CIVIL ACTION NO. 3:12CV617-DPJ-FKB

BANK OF AMERICA, N.A., as successor by merger                            DEFENDANT
to BAC HOME SERVICING, L.P.

ORDER

This removed case is before the Court on Plaintiffs' Motion for Entry of Default Judgment [33], and Defendant's Motion for Leave to File Answer Out of Time [36]. For the reasons that follow, Plaintiffs' motion is denied, and Defendant's motion is granted.

I.    Background and Procedural History

Plaintiffs Monday and Ellen Agho filed this breach-of-contract case against Defendant Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, L.P. ("BANA"), in Hinds County Circuit Court on August 1, 2012. BANA timely removed the case to this Court and filed a motion to dismiss or for summary judgment. On July 10, 2013, the Court granted in part and denied in part the dispositive motion. BANA failed to file an answer within 14 days of the partial denial of its motion to dismiss as required by Federal Rule of Civil Procedure 12(a)(4)(A). Nevertheless, the case proceeded to discovery, and the discovery period ended on March 19, 2014.[1]

On March 4, 2014—more than seven months after BANA's answer was due and with just over two weeks left for discovery—the Aghos filed their motion for default judgment against

---

[1]Some discovery motions remain pending.

BANA.  BANA responded in opposition and sought leave to file an answer out of time.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

"Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."  *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).  Before obtaining a default judgment, a plaintiff must "show[] by affidavit or otherwise," that the defendant is in default to obtain the clerk's entry of default.  Fed. R. Civ. P. 55(a); *see Brown*, 84 F.3d at 141 ("An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise.").  Here, the Aghos never attempted to show BANA's default by affidavit or otherwise and did not seek the clerk's entry of default.  The motion would be denied for this reason alone.

But even if the Aghos had followed Rule 55 and secured an entry of default, the Court would still deny their motion.  "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (footnote omitted).  "In fact, 'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Default judgments "are 'available only when the adversary process has been halted because of an essentially unresponsive party.'"  *Sun Bank of Ocala*, 874 F.2d at 276 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

While BANA may technically be in default for inadvertently failing to file an answer within the time permitted following the Court's partial denial of its motion to dismiss, there can be no doubt that BANA has appeared and is actively defending this lawsuit. The parties have engaged in discovery and have had one telephonic motion hearing before the magistrate judge. BANA has fully participated in the case, which is set to go to trial in four months. The purposes behind Rule 55 would not be served by entering default judgment against BANA. The Aghos' motion is denied. BANA will be permitted to file its answer out of time.

III.   Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Motion for Entry of Default Judgment [33] is denied and Defendants' Motion for Leave to File Answer Out of Time [36] is granted. Defendants may file their answer within seven days of the entry of this order.

**SO ORDERED AND ADJUDGED** this the 1st day of May, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE